# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3566 | **DATE** | 9/29/2004 |
| **CASE TITLE** | Ward vs. Washington Mutual | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons set forth on the attached Memorandum Opinion and Order, the Court grants Washington Mutual's motion for summary judgment (19-1) in part and denies it in part. Summary judgment is granted in Washington Mutual's favor on the injunctive relief claims regarding sexual harassment and retaliation; Washington Mutual's motion is denied on the claim of racial harassment. The case is set for a status hearing on 10/14/04 at 9:30 a.m. Trial counsel are directed to appear.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | SEP 3 0 2004 | |
| | Notified counsel by telephone. | date docketed | 30 |
| ✓ | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| | | U.S. DISTRICT COURT | SEP 3 0 2004 date mailed notice |
| OR | courtroom deputy's initials | 2004 SEP 29 PM 3: 10 | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

REGINA M. WARD, )
                     )
        Plaintiff, )
                     )
     v. )      Case No. 03 C 3566
                     )
WASHINGTON MUTUAL, )
                     )
        Defendant. )

DOCKETED
SEP 3 0 2004

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

       Regina Ward has sued her employer Washington Mutual under Title VII of the Civil

Rights Act of 1964, 42 U.S.C. § 2000e-5, alleging sexual harassment, racial harassment, and

retaliation for complaining about the harassment. In her complaint, Ward sought both damages

and injunctive relief. In November 2003, the Court partially granted Washington Mutual's

motion to compel arbitration, ruling that under the parties' agreement, claims for damages were

subject to arbitration but claims for injunctive relief were not, and that Ward might be entitled to

injunctive relief if she prevailed on her claims. Washington Mutual has now moved for summary

judgment on Ward's injunctive relief claims. Though the arbitration on the overlapping damages

claims is ongoing, neither party has asked the Court to defer ruling.

       For the reasons stated below, the Court grants summary judgment in Washington

Mutual's favor on Ward's claims for injunctive relief relating to sexual harassment and

retaliation but denies summary judgment on the claim for injunctive relief relating to racial

harassment.

## Discussion

Summary judgment is proper only if, after considering all of the evidence and drawing all reasonable inferences in favor of the non-moving party, the Court determines that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). A genuine issue of material fact exists when a reasonable finder of fact could find in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

### 1.  *Injunctive relief generally*

Once discrimination is shown, Title VII provides courts with broad equitable powers to issue injunctions addressed to the proven conduct. *EEOC v. Ilona of Hungary, Inc.*, 108 F.3d 1569, 1578 (7th Cir. 1997). The standard is "whether the discriminatory conduct could possibly persist in the future." *Id.* at 1578-79; *see also, Bruso v. United Air Lines, Inc.*, 239 F.3d 848, 864 (7th Cir. 2001); *EEOC v. Gurnee Inn Corp.*, 914 F.2d 815, 817 (7th Cir. 1990). The plaintiff is not required, however, to show a pattern or practice of discrimination or to produce evidence going beyond her own particular situation. *Bruso*, 239 F.3d at 864.

### 2.  *Sexual harassment claim*

Sexual harassment is actionable under Title VII when it is so "severe or pervasive" as to "alter the conditions of the victim's employment and create an abusive working environment." *Faragher v. City of Boca Raton*, 524 U.S. 775, 786 (1998) (internal citations omitted). To sustain her claim against Washington Mutual, Ward must provide evidence from which a fact finder reasonably could conclude that she was subjected to unwelcome harassment based on her gender which unreasonably interfered with her work performance by creating an intimidating,

2

hostile, or offensive work environment, and that there is a basis to impose liability on

Washington Mutual. *See, e.g., Parkins v. Civil Constructors of Illinois, Inc.,* 163 F.3d 1027,

1032 (7th Cir. 1998). The offensiveness of the work environment is evaluated both from the

subjective standpoint of the plaintiff and from the objective standpoint of a reasonable person in

the plaintiff's position. *Faragher,* 524 U.S. at 787. The factors considered include the

"frequency of the discriminatory conduct; its severity; whether it is physically threatening or

humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an

employee's work environment." *Id.* at 788 (internal citation omitted).

Ward's sexual harassment claim centers on her interactions with Lisa Froustis, a co-

worker who served as assistant to Ward's supervisor, Robert Jones. Ward says that in August

2001, Froustis put her hands on Ward's shoulders and jumped up and down, in what Ward says

was a suggestive manner. Ward also claims that in September 2001, while at a bar with Ward

and Jones during a business trip to Seattle, Froustis put her hand on Ward's neck and stated, "you

know that I want you." Finally, Ward contends, on a number of occasions in 2001 and the first

half of 2002, Froustis came into her work space, ostensibly to speak with other workers, and put

her buttocks near Ward's face.

Isolated incidents of sexual harassment are not deemed to have altered the conditions of

employment, and are thus insufficient to give rise to a viable Title VII claim, unless they are

"extremely serious." *See Faragher,* 524 U.S. at 788. The Seventh Circuit's recent decision in

*McPherson v. City of Waukegan,* 379 F.3d 430 (7th Cir. 2004), illustrates this principle. In

*McPherson,* the court assessed a sexual harassment claim that arose from a male supervisor

asking a female employee about what color brassiere she was wearing, asking in a suggestive

3

manner if he could "make a house call" to her home on a day when she called in sick, and pulling back her tank top with his fingers. The court held that these incidents were too isolated and not severe enough to create an objectively hostile work environment. *Id.* at 438. The same is true in this case. Though Froustis' alleged advances on Ward were unquestionably inappropriate and undoubtedly offensive to Ward, a fact finder could not reasonably conclude that these incidents sufficed to create an *objectively* hostile working environment of the type required to violate Title VII.

Ward also relies on evidence of sexually-oriented conduct directed to persons other than herself. Specifically, she contends that Froustis engaged in inappropriate sexual relationships with Jones and Alex Ho, another supervisor; that Froustis made sexual advances towards a co-worker, Phalice Tate; that another co-worker, Levi Lerner, made an inappropriate sexually-related comment about Tate to Tate and others; and that Jones allowed employees he supervised to engage in group-kissing and to look at pornography at work. But the effect of secondhand harassment on a plaintiff's work environment is "obviously not as great as harassment directed toward [the plaintiff] herself." *Patt v. Family Health Systems, Inc.,* 280 F.3d 749, 754 (7th Cir. 2002). This evidence, even when considered in conjunction with Ward's evidence about Froustis' behavior toward her, does not alter our conclusion that Ward cannot sustain a sexual harassment claim against Washington Mutual.

### 3. *Racial harassment claim*

In support of her claim that she was subjected to a racially hostile work environment, Ward alleges that she received five racially offensive notes that were put in her desk by an unknown person or persons over a span of approximately ten months: March 13, 2002; May 6,

4

2002; June 22, 2002; late 2002; and January 2003. The notes read as follows: "Stop trying to be white, niggers don't play the violin"; "1 Down, 2 To Go" (referring to one black female who had been fired, while two others remained employed); "We know where you live black bitch, the other 2 black bitches are gone you need to go too" (by this time the other black female in the office had resigned); "If you have a problem with the cold go back to Africa bitch!"; and "stupid bitch." Ward claims the notes frightened her, causing her to take time off of work and to keep to herself while at work.[1] She also claims to have turned down a promotion within her department because of the harassment.

According to Ward, in July 2002, after she received the third note, she brought the notes to the attention of Steven Durrbeck, her supervisor at the time. She says that Durrbeck sloughed off her complaint, saying only that "we have immature people" in the department. Ward contends that he showed no concern for her complaints, took no action to discover the perpetrator(s), and did not advise his superiors of what had occurred. Ward says that after Durrbeck failed to respond, she brought the notes to the attention of Marcia McMahon, an employee relations representative. McMahon gave a copy of the notes to Daud Mahmud, the director of the facility where Ward worked. Mahmud met with Ward and promised he would investigate and put a stop to the offensive conduct. But there is evidence that no action was taken for five months after this meeting. And Ward contends that the only action that was taken – requiring employees to attend a diversity training workshop in January 2003 – was inadequate. She argues that the company did nothing to try to discovery who was responsible for the notes

---

[1] In assessing this claim, the Court has not considered Ward's contention that she became depressed and needed medical treatment as a result of the harassment, and thus we need not address Washington Mutual's argument that this evidence should be stricken.

and never directly advised employees of the inappropriateness of making such threats to co-workers.

In seeking summary judgment, Washington Mutual argues that the notes did not affect Ward's work performance and that it took prompt remedial action. Claims of racial harassment are judged under the same standard as those involving sexual harassment. *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116 (2002).

First, a fact finder reasonably could determine that the notes altered the conditions of Ward's employment from both a subjective and an objective standpoint. One of the notes contained an implicit threat of violence, and several of them used odious epithets that reasonably could have conjured up disturbing episodes from our society's checkered history of inter-racial relations. For this reason, and based on Ward's testimony regarding the effect of the notes on her and on her work activities, Washington Mutual is not entitled to summary judgment on this basis.

Second, the sufficiency of Washington Mutual's response to Ward's complaints is also genuinely disputed. An employer is liable for actionable harassment committed by co-workers if it is negligent in discovering or remedying the harassment. *Parkins*, 163 F.3d at 1032. "An employer who has reason to know that one of his employees is being harassed in the workplace by others ... and does nothing about it, is blameworthy." *Hunter v. Allis-Chalmers, Corp.*, 797 F.2d 1417, 1422 (1986). And the employer's response to allegations of harassment "must be reasonably calculated to prevent further harassment." *Longstreet v. Ill. Dep't of Corrections,* 276 F.3d 379 (7th Cir. 2002).

A reasonable fact finder could determine that Washington Mutual's actions after Ward complained about the notes failed to measure up to these standards. In a nutshell, Ward has a

viable claim that the company's response was too little, too late. A reasonable fact finder could conclude that Washington Mutual was negligent in failing to try to learn who had written the notes, in failing to directly advise employees that activity of this type would not be tolerated, and in waiting several months before taking any action at all. Washington Mutual is not entitled to summary judgment.

Washington Mutual points the Court to the case *Cardenas v. Frito-Lay, Inc.*, No. 01 C 647, 2002 WL 32357082 (W.D. Wis. Sept. 30, 2002), in which the court granted summary judgment in favor of the employer, as support for its argument that it responded promptly and appropriately to the notes Ward received. However, a close reading of the case reveals that it actually supports Ward's argument that summary judgment is inappropriate. In *Cardenas*, the plaintiff also received anonymous, racially offensive notes from co-workers. Within a week, his employer had investigated, questioned possible perpetrators, ordered mandatory anti-harassment training that consisted of group and individual training, and inspected the victim's work area daily. *Id.* at *15-19; *see also Tutman v. WBBM-TV, Inc./CBS, Inc.*, 209 F.3d 1044, 1048-9 (7th Cir. 2000) (affirming summary judgment in favor of the employer when the employer began its investigation on the very day of the complaint and within two weeks, completed the investigation and attempted to remedy the harassment).

### 4. *Retaliation claim*

Ward alleges that Washington Mutual retaliated against her for reporting the harassment and discrimination she suffered. Though Ward's statement of material facts submitted pursuant to Local Rule 56.1 includes several references to evidence that might be pertinent to a claim of retaliation, she has made no effort to defend the claim in her memorandum submitted in response

7

to Washington Mutual's summary judgment motion. Perhaps this is because Ward does not intend to pursue injunctive relief on the retaliation claim, but whatever the reason, the Court is not required to piece together an argument for Ward when she herself did not feel the need to do so. The Court therefore grants summary judgment in Washington Mutual's favor with respect to the request for injunctive relief on the retaliation claim.

### Conclusion

For the reasons stated above, the Court grants Washington Mutual's motion for summary judgment [docket no. 19] in part and denies it in part. Summary judgment is granted in Washington Mutual's favor on the injunctive relief claims regarding sexual harassment and retaliation; Washington Mutual's motion is denied on the claim of racial harassment. The case is set for a status hearing on October 14, 2004 at 9:30 a.m. Trial counsel are directed to appear.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: September 29, 2004

8